UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE BRISTER,

                Plaintiff,

       -against-

NEW YORK CITY,

                Defendant.

25-CV-4742 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff Maurice Brister, proceeding *pro se*, is currently held in the George R. Vierno Center on Rikers Island. Plaintiff brings this action under the Court's federal question jurisdiction, asserting "fraud." (ECF No. 1 at 5.) By Order dated June 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity, or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[2] (ECF No. 1.) According to Plaintiff, the "sale of manhattan island is a Fraud which nulls and voids the owner ship of manhattan Island new york city to new york state and beyond etc!" (*Id.* at 5.):

> so call indigeous people from a migrating tribes man not original discoverer sold manhattan island for few trinkets and a small amount of strong drink and got Bronx and staten island included By Peter Miniut who proably gave so call indians drink before the sale so they can be intoxicated. Also African Artifacts are oldest carbon dated in america "as to claim under discoverer decree" "as in any country around the Globe" when one enters on land to make a location there is another location in Full Force which entitles its owner to the exclusive possession" and sole ownership", which shows the Africans where here first as in your words "sole ownership and unconditional "duorum in solidum dominuim vel possession esse not potest"

(*Id.*)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

In the "Injuries" section of the form complaint, Plaintiff asserts "Lack of finances, mental angiuish, emotional distress, emotional." (*Id.* at 7.) He seeks "38,000,000,000,000.00" in punitive damages, "38 qaudrillion" dollars in "compensative" damages, and an injunction against Defendants "to cease and desist all Functions and release Acqiusition." (*Id.*)

## DISCUSSION

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "[T]he threshold question in every federal case" is "[w]hether the plaintiff has made out a 'case or controversy' between himself and the defendant" – that is, does plaintiff have "standing" to sue the defendant. *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Importantly, "[i]f plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon,* 683 F.3d at 62 (quoting *Cent. States Se. & Sw. Areas Health &Welfare fund v. Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181, 198 (2d Cir. 2005)). For a plaintiff to have standing to sue a defendant, the plaintiff must show that: (1) he or she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party or parties bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiff lacks standing because he describes his claim as having been perpetrated by either Peter Minuit or aboriginal tribes, not the defendant, New York City. The Court therefore dismisses Plaintiff's claims for lack of subject matter jurisdiction because plaintiff lacks standing to bring this action. *See Mahon*, 683 F.3d at 62 ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (citation omitted)).

## **LEAVE TO AMEND IS DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint, the Court declines to grant him leave to amend.

## **CONCLUSION**

The Court dismisses Plaintiff's claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   September 24, 2025
         New York, New York

                                                    /s/ Kimba M. Wood
                                                    KIMBA M. WOOD
                                              United States District Judge

5